# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DELAQUAN D. HENDERSON, | Case No. 3:22-cv-224 |
| Plaintiff, | District Judge Michael J. Newman |
| vs. | Magistrate Judge Caroline H. Gentry |
| DEPARTMENT OF EDUCATION, *et al*., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Butler County Jail, has filed the instant *pro se* action against the United States Department of Education and the United States Congress. (Doc. 1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). For the following reasons, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

I.

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1).  A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

II.

Although plaintiff's complaint is not entirely clear, plaintiff appears to bring conspiracy claims against defendants based on the use of the "Lincoln penny," which plaintiff asserts is a "racist and degrading coin," and "early education institutions," which plaintiff claims are used to "hypnotize the masses w/o their consist."

Plaintiff seeks various forms of injunctive relief. (Doc. 1, at PageID 3-4).

Because plaintiff sues a federal agency and a branch of the federal government, subject matter jurisdiction is lacking unless the government consents to suit. *United States v. Testan*, 424 U.S. 392, 399 (1976); *see also CareToLive v. von Eschenbach*, 525 F. Supp. 2d 938, 950 (S.D. Ohio 2007) (the United States may not be sued without its consent, and consent is a prerequisite for jurisdiction) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998)), *aff'd sub nom. CareToLive v. Eschenbach*, 290 F. App'x 887 (6th Cir. 2008). Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States. *Id.* (citing *Mitchell*, 463 U.S. at 212).

"Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *Id.* (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* (citing *Mitchell*, 463 U.S. at 239; *Reed*, 146 F.3d at 398).

The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *Id.* (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). If the plaintiff cannot identify a waiver, his claim must be dismissed for lack of jurisdiction. *Id.* (citing *Reetz*, 224 F.3d at 795). *See also Wojton v. U.S.*, 199 F. Supp. 2d 722, 726 (S.D. Ohio 2002) (plaintiff has the burden under Fed. R. Civ. P. 8 to set forth the grounds for the Court's jurisdiction).

Plaintiff has not carried his burden to identify a waiver of sovereign immunity. Nor do the allegations of the complaint provide a basis from which the Court may reasonably infer that defendants waived sovereign immunity with respect to the matters at issue in this case. The complaint should therefore be dismissed for lack of subject matter jurisdiction.

III.

Accordingly, in sum, the complaint should be dismissed pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint (Doc. 1) be **DISMISSED without prejudice** for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith.

*See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO RECOMMENDED.**

February 17, 2023                        */s/ Caroline H. Gentry*
                                                   CAROLINE H. GENTRY
                                                   United States Magistrate Judge